**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DONNA BOWYER,

    Plaintiff,

vs.                                        Case No. 3:18-cv-288-J-34JBT

VICTORIA'S SECRET STORES, LLC,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On February 26, 2018, Defendant Victoria's Secret Stores, LLC filed a notice of removal notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the

facts establishing that the Court has jurisdiction over this action. See Notice of Removal (Doc. 1; Notice) at 1-2. Specifically, Defendant asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, the action is removable pursuant to 28 U.S.C. § 1441. See id. ¶ 10. In support of this assertion, Defendant declares that "Plaintiff is a resident of Clay County, Florida." Id. ¶ 5 (emphasis added). In addition, Defendant alleges that it is "a Delaware limited liability company with a principal place of business in Ohio." Id. ¶ 6. Defendant further asserts that it "is a wholly-owned subsidiary of Retail Store Operations, Inc., a Delaware corporation with its principal place of business in Ohio." Id. However, these allegations do not adequately identify the citizenship of Plaintiff or Defendant, and the Complaint (Doc. 2) does not offer sufficient additional information to satisfy the Court's jurisdictional inquiry.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Because the Notice discloses Plaintiff's residence, rather than her domicile or state of citizenship, the Court finds that Defendant has not alleged the facts necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must

2

be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

As to Defendant's citizenship, the Eleventh Circuit Court of Appeals has recognized that, for purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members. See id. Here, Defendant Victoria's Secret Stores, LLC does not identify its members and their respective states of citizenship, rather Defendant alleges only the citizenship of its owner. The Court acknowledges that the terms "owner" and "member" are often used synonymously with respect to limited liability companies. See, e.g., Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Nonetheless, these terms are not always interchangeable.

Here, Defendant alleged that it is a Delaware limited liability company. See Notice ¶ 6. Under Delaware law, "one can have an ownership interest in a limited liability company without being a member." See Taylor v. Nationstar Mortg., LLC, No. 1:15-CV-4403-AT-LTW, 2016 WL 6662734, at *2 (N.D. Ga. July 29, 2016) rejected, in part, but adopted in pertinent part by 2016 WL 7131593, at *1 (N.D. Ga. Aug. 22, 2016); Del. Code Ann. tit. 6, § 18-704 (explaining the circumstances in which the assignee of a limited liability company interest can become a member); Del. Code Ann. tit. 6, § 18-702(b)(1) ("(b) Unless

otherwise provided in a limited liability company agreement: (1) An assignment of a limited liability company interest does not entitle the assignee to become or to exercise any rights or powers of a member."); Del. Code. Ann. tit. 6, § 18-101(8) ("'Limited liability company interest' means a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets."); see also Busch v. Lee Enters., Inc., 2009 WL 5126799, at *1 (S.D. Ill. Dec. 21, 2009) (finding citizenship allegations pertaining to a Delaware limited liability company were insufficient where plaintiffs alleged that defendant LLC was "entirely owned" by a corporation, and the citizenship of that corporation, but failed to allege whether the corporation was the sole member of the LLC); Ferrara v. Munro, No. 3:16-CV-950(CSH), 2016 WL 6892073, at *3 (D. Conn. Nov. 22, 2016) ("Plaintiffs have alleged that [individual] is the 'owner, operator, and alter ego' of [defendant LLC]. If that means that [individual] is the sole member of that limited liability company, Plaintiffs must specify that fact.").

In light of the foregoing and "in the hope of preventing the needless expenditure of litigant and judicial resources that occurs when a case proceeds to trial in the absence of subject matter jurisdiction[,]" see Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 319 (3d Cir. 2010), the Court will afford Defendant the opportunity to provide the Court with sufficient information to establish the citizenship of the parties and this Court's diversity jurisdiction over the instant action.[1]

---

[1] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1315-16 (11th Cir. 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, at 1222, 1228 (11th Cir. 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC,

**ORDERED**:

Defendant Victoria's Secret Stores, LLC shall have up to and including **March 14, 2018,** to provide the Court with sufficient information so that it can determine whether it has subject matter jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 1st day of March, 2018.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").